UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALEXANDER ROMANO, KIM
ROMANO, and TRAVELERS PERSONAL
INSURANCE COMPANY,

                Plaintiffs,

v.

AMERICAN STATES INSURANCE
COMPANY, JESSE W. PARKER,
GARY W. PARKER, and AMY PARKER,

                Defendants.
_____

**DECISION AND ORDER**

6:17-CV-06358 EAW

## INTRODUCTION

This litigation arises out of a single-car accident on August 8, 2015, where plaintiff Alexander Romano ("Alexander") was allegedly injured as the passenger in a vehicle driven by defendant Jesse W. Parker ("Jesse"). On or about April 21, 2017, plaintiffs Alexander, Kim Romano ("Kim"), and Travelers Personal Insurance Company ("Travelers") (collectively, "Plaintiffs") filed a complaint in New York State Supreme Court, Monroe County, against American States Insurance Company ("ASIC"), Jesse, Gary W. Parker ("Gary"), and Amy Parker ("Amy") (collectively, "Defendants"), seeking a declaratory judgment. (Dkt. 1 at 9-12). Specifically, Plaintiffs seek an order declaring that: (1) ASIC's disclaimer of liability coverage for Jesse is invalid; (2) ASIC cannot further disclaim liability coverage for Jesse; and (3) ASIC is required to indemnify Jesse for his liabilities associated with the alleged personal injuries caused to Alexander arising out of the single-car accident. (*Id.* at 12).

- 1 -

On June 6, 2017, ASIC removed this action to federal court by filing a notice of removal. (Dkt. 1). Presently before the Court is Plaintiffs' motion to remand. (Dkt. 5). For the reasons set forth below, Plaintiffs' motion is denied.

## BACKGROUND[1]

On or about August 8, 2015, Jesse was operating a 2005 Ford automobile—owned by Gary and/or Jesse—with Alexander riding as a passenger. (Dkt. 1 at 10-11). While operating the vehicle in the Town of Irondequoit, Monroe County, New York, Jesse and Alexander suffered a single-car accident, resulting in allegedly "serious injuries" to Alexander under section 5102(d) of the New York Insurance Law. (*Id.* at 10-11).

On or about the same day, ASIC issued one or more insurance policies to Gary and Amy, which were effective from June 20, 2015, through June 20, 2016. (*Id.* at 11). Jesse was designated as an "insured" under one or more of these policies. (*Id.*). On February 19, 2016, ASIC disclaimed liability coverage for Jesse regarding Alexander's injuries arising from the accident. (*Id.*).

On or about April 21, 2017, Plaintiffs filed a complaint in New York State Supreme Court, Monroe County, seeking an order declaring that: (1) ASIC's disclaimer of liability coverage is invalid; (2) ASIC cannot further disclaim liability coverage for Jesse; and (3) ASIC is required to indemnify Jesse for his liabilities related to Alexander's injuries arising out of the automobile accident. (*Id.* at 12). On June 6, 2017, ASIC removed this action to federal court by filing a notice of removal. (Dkt. 1). On June 30, 2017, Plaintiffs filed a

---

[1] The following facts are taken from Plaintiffs' complaint unless otherwise specified. (Dkt. 1 at 9-13).

motion to remand the case to state court, arguing that the jurisdictional requirement for complete diversity has not been satisfied. (Dkt. 5-1). ASIC opposed remand, arguing that diversity of citizenship exists because: (1) Defendants Gary, Amy, and Jesse have been fraudulently joined in this action; (2) Gary and Amy are only nominal parties; and (3) in the event the Court determines that Jesse has not been fraudulently joined, Jesse should be realigned as a plaintiff. (Dkt. 9).[2]

## DISCUSSION

### I. Subject Matter Jurisdiction

"Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009); *see Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant."). "A person's citizenship for purposes of diversity is based upon his domicile." *Ceglia*, 772 F. Supp. 2d at 455. "For purposes of determining diversity, 28 U.S.C. § 1332(c) provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

---

[2] On July 12, 2017, ASIC filed a motion to dismiss Plaintiffs' complaint (Dkt. 7), but that motion has been held in abeyance until the resolution of Plaintiffs' motion to remand (Dkt. 8).

principal place of business.'" *Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003).

ASIC's notice of removal alleges that the amount in controversy exceeds $75,000. (Dkt. 1 at 2). ASIC further alleges that plaintiffs Alexander and Kim are citizens of New York State for purposes of diversity jurisdiction, and that Travelers is incorporated under the laws of the State of Connecticut and maintains its principal place of business in that state; thus, Travelers is a citizen of the State of Connecticut for purposes of diversity jurisdiction. (Dkt. 1 at 2-3). ASIC has also alleged that it is incorporated under the laws of the State of Indiana and maintains its principal place of business in Massachusetts; thus, ASIC is a citizen of the States of Indiana and Massachusetts for purposes of diversity. (*Id.* at 3). Although Plaintiffs' complaint alleges that defendants Jesse, Gary, and Amy all reside in the State of New York, (*id.* at 10), ASIC alleges that the domiciles of Jesse, Gary, and Amy are immaterial because they are "nominal defendants," and their inclusion in this action violates the doctrine of fraudulent joinder (*id.* at 3).

### A. Fraudulent Joinder

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). "Fraudulent joinder is a legal term of art [used] to refer to the joinder

of unnecessary or nominal parties in order to defeat federal jurisdiction." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.

*Pampillonia*, 138 F.3d at 461.[3] "The question whether a non-diverse party has been joined improperly is one of federal law." *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp. 2d 272, 279 (S.D.N.Y. 2001). "However, this only means that federal law governs the question of a how a court should determine whether joinder is fraudulent, but not that federal law determines whether there has been fraudulent joinder." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 381 (S.D.N.Y. 2006). "[T]he test of whether or not there has been fraudulent joinder is uniformly whether the plaintiff can establish a claim under state, not federal law." *MBIA Ins. Corp. v. Royal Bank of Ca.*, 706 F. Supp. 2d 380, 393 (S.D.N.Y. 2009) (quotations and citations omitted); *see Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, No. 08-CV-1773 (JFB) (AKT), 2009 WL 385541, at *5 n.2 (E.D.N.Y. Feb. 11, 2009) ("[W]here the issue is fraudulent joinder, the [c]ourt looks to state law in order to determine the nature of [the defendant's] interest in this litigation for jurisdictional purposes at the time of removal."). "The issue is not whether the plaintiff is likely to prevail against the

---

[3] As ASIC notes, "fraudulent joinder" is a "term of art" (Dkt. 9 at 10 n.2), and thus, "motive in fact usually has nothing to do with it." *N.Y. State Ins. Fund v. U.S. Liab. Ins. Co.*, No. 03 CIV. 6652 (LMM), 2004 WL 385033, at *2 (S.D.N.Y. Mar. 2, 2004).

non-diverse defendant, but whether the pleading sets forth any possible claim under state law." *Stewart v. Raymond Corp.*, 587 F. Supp. 2d 572, 575 (E.D.N.Y. 2008).

"[I]n considering a motion to remand where the issue of fraudulent joinder has been raised, the court examines the pleadings at the time the case was removed to determine whether a cause of action has been pleaded against the non-diverse defendant." *MBIA Ins. Corp.*, 706 F. Supp. 2d at 395 (quotations and citation omitted). "[W]here a complaint names as a defendant a non-diverse party against whom no claim is asserted nor from whom no relief is requested, the non-diverse party has been fraudulently joined and can be disregarded as misjoined for purposes of establishing diversity jurisdiction." *County of Niagara v. Liberty Mut. Ins. Co.*, No. 14-CV-00737A(F), 2016 WL 2997903, at *4 (W.D.N.Y. May 24, 2016) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)), *report and recommendation adopted sub nom. Niagara v. Netherlands Ins. Co.*, No. 14-CV-737A, 2016 WL 3280367 (W.D.N.Y. June 15, 2016).

Here, Plaintiffs' complaint seeks relief only as against ASIC. Specifically, Plaintiffs' complaint requests a declaratory judgment declaring that: (1) ASIC's disclaimer of liability coverage is invalid; (2) ASIC is precluded from making any further disclaimers of liability or denials of coverage for Jesse related to the events at issue; and (3) ASIC is obligated to indemnify Jesse for any liabilities arising from the alleged personal injuries sustained by Alexander in the automobile accident. (Dkt. 1 at 12).[4] Plaintiffs' complaint does not request any relief from Jesse, Gary, or Amy. The complaint does not seek money

---

[4] Plaintiffs also request that they be afforded "such other, further and different relief in their favor as the [c]ourt deems just and proper." (Dkt. 1 at 12).

damages against Jesse for operating the vehicle and purportedly causing personal injuries to Alexander. Rather, the complaint seeks only to assert an "action for declaratory relief to settle important questions concerning insurance coverage . . . relative to [those] personal injuries. . . ." (Dkt. 1 at ¶ 8).

ASIC argues that *County of Niagara* and *Whitaker* control the outcome of this case because Plaintiffs have not asserted any claims or made any requests for relief against Jesse, Gary, or Amy. (Dkt. 9 at 9). In challenging ASIC's removal to federal court, Plaintiffs make a cursory argument that "the Parker defendants are not nominal given the interest they have in the outcome." (Dkt. 5-1 at 3). Plaintiffs offer no further support for this statement, and focus their remaining argument on why Jesse, in particular, is an "indispensable and necessary party to this declaratory action under New York law." (*Id.*; *see id.* at 3-5).

"[C]ourts apply the state pleading rules relevant to the particular pleading at issue in deciding whether a plaintiff could have asserted a viable claim in state court based on that pleading." *MBIA Ins. Corp.*, 706 F. Supp. 2d at 394; *see Kuperstein*, 457 F. Supp. 2d at 471-72 ("Because the purpose of fraudulent analysis is to determine whether a *state* court might permit a plaintiff to proceed with his claims, [a court] will refer to the state pleading standards as they have been applied by state courts to similar claims."). In doing so, "[c]ourts examining a complaint to determine whether a party has been 'fraudulently' joined will subject the complaint 'to less searching scrutiny than on a motion to dismiss for failure to state a claim.'" *Almeciga v. Ctr. for Investigative Reporting, Inc.*, 121 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (quoting *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471,

474 (S.D.N.Y. 2000)). "Because this jurisdictional inquiry is preliminary to any decision on the merits, the federal court resolves any uncertainties in applicable state law in [the] plaintiffs' favor...." *Intershoe, Inc.*, 97 F. Supp. 2d at 474. Accordingly, a determination by this Court as to whether a plaintiff *could* state a viable claim in state court is subject to a relaxed inquiry. Indeed, "whether [the p]laintiffs have presently asserted a claim against [the defendant] is not determinative" of improper joinder of a nominal party. *Cincinnati Ins. Co. v. Excelsior Ins. Co.*, No. 6:14-CV-0148 LEK/TWD, 2015 WL 93654, at *2 (N.D.N.Y. Jan. 6, 2015).

Furthermore, under New York law, courts give a "liberal construction" to a complaint when determining whether its allegations sufficiently state a cause of action. *Foley v. D'Agostino*, 21 A.D.2d 60, 66 (1st Dep't 1964); *see Schlackman v. Robin S. Weingast & Assocs., Inc.*, 18 A.D.3d 729, 729 (2d Dep't 2005) ("A pleading attacked for insufficiency must be accorded a liberal construction, and 'if it states, in some recognizable form, any cause of action known to our law,' it cannot be dismissed." (quoting *Clevenger v. Baker Voorhis & Co.*, 8 N.Y.2d 187, 188 (1960))). Whether or not the complaint is "inartistically drawn," the ultimate question "is whether the requisite allegations of any valid cause of action cognizable by the state courts can be fairly gathered from all the averments." *Id.* at 65 (quotations and citations omitted). Nonetheless, a complaint must contain sufficient allegations "to establish the material elements of the claim." *Gray v. Rochester Gas & Elec. Corp.*, 97 A.D.2d 975, 976 (4th Dep't 1983).

Here, the only allegations related to Amy's involvement in this action appear to be simply that on or about August 8, 2015, ASIC had issued one or more insurance policies

to Gary and Amy, which are apparently the subject of ASIC's contested disclaimer. (Dkt. 1 at 11). No relief is requested from Amy, and no cause of action can be divined against her based upon the allegations in the complaint. As such, the Court determines that Amy has been fraudulently joined to this action. *See Whitaker*, 261 F.3d at 207 ("Because the amended complaint does not state a cause of action against [the defendant] or seek any relief against this entity under state law and, to the contrary, seeks relief on behalf of [the plaintiff] and [the defendant], we find no error with the district court's conclusion that [the plaintiff] fraudulently joined [the defendant] in an attempt to defeat federal diversity jurisdiction."). Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, Amy is dismissed from this action. *See* Fed. R. Civ. P. 21; *County of Niagara*, 2016 WL 2997903, at *4 ("[The p]laintiff's failure to assert any claim against [the defendant T.G.R. Enterprises, Inc.] and [the defendant Michael Lombardo] also supports the dismissal of both of the[ d]efendants for misjoinder under Fed. R. Civ. P. 21.").

The complaint alleges that Jesse was the operator of the 2005 Ford automobile during the August 8, 2015, automobile accident, and that Jesse may have owned this vehicle as well. (Dkt. 1 at 10). Furthermore, Plaintiffs assert that Jesse is covered as the "insured" under one or more ASIC insurance policies. (*Id.* at 11). Plaintiffs have not specifically requested any form of relief from Jesse in their complaint, but Plaintiffs have alleged that a valid ASIC policy of insurance is available to Jesse to cover his liabilities for the personal injuries arising from the automobile accident. (*Id.* at 12).

Plaintiffs cite to *White v. Nationwide Mut. Ins. Co.*, 228 A.D.2d 940 (3d Dep't 1996), where the plaintiff commenced an "action seeking a declaratory judgment that [the]

defendant owes a duty to defend and indemnify [the driver of an automobile] in the underlying negligence action" for liability arising from a car accident. *Id.* at 941. The New York State Appellate Division, Third Department, held that "[s]ince this declaratory judgment action seeks to determine whether defendant has a duty to defend and indemnify [the driver] and since [the driver]'s rights are inextricably tied to the resolution of this dispute, here both the insured and the insurer are necessary parties." *Id.*; *see Bello v. Emps. Motor Corp.*, 240 A.D.2d 527, 527 (2d Dep't 1997) ("Where an injured party brings a declaratory judgment action to determine whether an insurance carrier is obligated to defend or indemnify its insureds, both the insurer and the insureds are necessary parties to the action.").

The same rationale applies to Gary. Plaintiffs' allegations relating to Gary indicate that one or more ASIC policies were also issued to him (Dkt. 1 at 11), and that Gary may have been the owner of the 2005 Ford automobile at the time of the accident (*id.* at 10 ("That on or about August 8, 2015, [Gary] and/or [Jesse] owned a 2005 Ford automobile with New York State license plate number GBU8585.")). Under New York law, an owner of a vehicle involved in a car accident may be vicariously liable for the injuries caused by the operator of the vehicle. N.Y. Veh. & Traf. Law § 388(1); *Lopes v. Bain*, 82 A.D.3d 1553, 1554 (3d Dep't 2011); *Metro. Grp. Prop. & Cas. Ins. Co. v. Wellington*, 42 Misc. 3d 270, 280-81 (N.Y. Dist. Ct., Nassau Cnty., 2013). Although the allegations in the complaint do not sufficiently state a claim for vicarious liability as written, the standard for determining whether a party has been fraudulently joined is whether a "plaintiff *could have* asserted a viable claim in state court based on that pleading." *MBIA Ins. Corp.*, 706 F.

Supp. 2d at 394 (emphasis added); *see Cincinnati Ins. Co.*, 2015 WL 93654, at *2; *see also Almeciga*, 121 F. Supp. 3d at 382. Giving the complaint a liberal construction, as required by New York State law, the Court cannot say that "there is no possibility, based on the pleadings, that [Plaintiffs] can state a cause of action against [Gary] in state court." *Pampillonia*, 138 F.3d at 461.

Therefore, applying state law in determining whether Gary and Jesse were fraudulently joined, *see MBIA Ins. Corp.*, 706 F. Supp. 2d at 394; *Audi of Smithtown, Inc.*, 2009 WL 385541, at *5 n.2; *Kuperstein*, 457 F. Supp. 2d at 471-72, the Court finds that Gary and Jesse were not fraudulently joined and are necessary parties to this action that seeks a declaratory judgment against their alleged insurer. *See, e.g., Bello*, 240 A.D.2d at 527; *White*, 228 A.D.2d at 941.

## II. Complete Diversity and the Rule of Unanimity are Satisfied Because Gary and Jesse Must be Realigned as Plaintiffs

### A. Gary and Jesse are Realigned as Party Plaintiffs

Plaintiffs focus their argument on Jesse's status in this litigation. Specifically, Plaintiffs contend that since he is a necessary party to this action, removal is improper because complete diversity is absent and the "rule of unanimity" is not satisfied. (Dkt. 5-1 at 5). "Since 2011, the statute governing the procedure for removal has also provided that 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *4 (S.D.N.Y. Mar. 31, 2017) (quoting 28 U.S.C. § 1446(b)(2)(A)). "Prior to the inclusion of this provision in the statute, courts in

the Second Circuit 'consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" *Id.* (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)). In order to satisfy this rule, each defendant was required to "independently express their consent to removal." *Pietrangelo*, 686 F.3d at 66.

In essence, Plaintiffs posit that because Jesse is a citizen of the State of New York, and never expressed his consent to the removal of the state court action to federal court, removal is improper. (*See* Dkt. 5-1 at 5). ASIC responds that Jesse should be realigned as a plaintiff in this action, and that upon said realignment, complete diversity will exist and the rule of unanimity will be satisfied. (Dkt. 9 at 10-16).

"In assessing the alignment of the parties, [d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants." *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 121 (E.D.N.Y. 2010) (quotations and citations omitted). "The purpose of realignment is to ensure that the case truly involves the kind of adversarial relationship constitutionally required in a case or controversy in the federal courts." *Md. Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1993) (quotation and citation omitted), *amended* (May 16, 1994). "To determine the proper alignment of the parties, the Second Circuit has adopted a 'collision of interests' test, which 'require[s] the existence of an actual, substantial controversy' between the parties." *Gurney's Inn Resort & Spa Ltd.*, 743 F. Supp. 2d at 121

(quoting *Md. Cas. Co.*, 23 F.3d at 622).[5] "Realignment is 'a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute.'" *Viropro, Inc. v. PricewaterhouseCoopers Advisory Servs. Sdn Bhd*, No. 15-CV-6235 (DLC), 2015 WL 5751367, at *1 (S.D.N.Y. Sept. 30, 2015) (quoting *Lewis v. Odell*, 503 F.2d 445, 446-47 (2d Cir. 1974)).

"Ordinarily the victim of an insured is on one side of the lawsuit and the insured and his insurance carrier are on the other. . . ." *Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 788 (7th Cir. 1992). However, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998). "This is so because any finding that the insurer owes a duty to indemnify an insured mutually benefits the insured party and the injured party. The insured party is relieved of having to pay the judgment out of his own pocket, at least to the extent of the policy limit." *Grinnell Select Ins. Co. v. Glodo*, No. 08-CV-891-JPG, 2009 WL 455126, at *2 (S.D. Ill. Feb. 23, 2009); *see Davis v. Carey*, 149 F. Supp. 2d 593, 595 (S.D. Ind. 2001) ("Even though [the insured] is potentially liable for a substantial part of the judgment against him, it is in his interest to have as much of that judgment satisfied by the proceeds from the Allstate policy as possible."); *see also Randolph v. Emps. Mut. Liab. Ins. Co. of Wis.*, 260 F.2d 461, 464 (8th

---

[5] The Second, Seventh, Eighth, and Tenth Circuits apply the "substantial dispute" or "collision of interest" test in determining whether realignment is appropriate. *See, e.g., Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 389 n.20 (S.D.N.Y. 2006) (noting Circuit split); *Olin Corp. v. Ins. Co. of N. Am.*, 807 F. Supp. 1143, 1148 (S.D.N.Y. 1992) (same).

Cir. 1958) ("Even if [the insured] were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to [the insured's] interest to have the judgment against him satisfied by his insurer."). In such a case, "the insurance company is really the adversary of the insured and the insured's victim." *Hulliung Gymnastics, Inc. v. Phila. Indem. Ins. Co.*, No. 13-CV-1279 (JPG) (DGW), 2014 WL 3400549, at *2 (S.D. Ill. July 9, 2014). For this reason, "federal courts routinely realign the parties to place the injured third party on the same side of the caption as the tortfeasing insured, as against the insurer." *Garcia v. Century Sur. Co.*, No. 14-CV-3196 (RM) (MJW), 2015 WL 1598069, at *1 (D. Colo. Apr. 7, 2015) (collecting cases).

Here, Plaintiffs' complaint seeks a judgment declaring that ASIC "is obligated to indemnify" Jesse, and that it can no longer disclaim insurance coverage relating to his involvement in the car accident. (Dkt. 1 at 12); *see N.Y. State Ins. Fund*, 2004 WL 385033, at *2 ("Here, the complaint seeks, in substance, only a declaration that [the insurer] *is* obligated to indemnify [the insured defendants]."). If Plaintiffs successfully secure this declaratory judgment, Jesse would benefit as ASIC would be required to indemnify him for any amount owed by him to Alexander, "at least to the extent of the policy limit." *Glodo*, 2009 WL 455126, at *2; *see N.Y. State Ins. Fund*, 2004 WL 385033, at *2 ("If [the] plaintiff is successful, [the insured defendants] will surely not be prejudiced."). The same rationale applies to Gary as the potential owner of the vehicle. It is in Gary's and Jesse's interests for ASIC, the insurer, to be required to pay for some or all of any potential judgment entered against them, and it would be in Plaintiffs' interest for those funds to be available for Gary's and Jesse's use in satisfying any such judgment. *See Order of St.*

*Benedict v. St. Paul Mercury Ins. Co.*, No. 17CV781(DSD/KMM), 2017 WL 1476121, at *2-3 (D. Minn. Apr. 25, 2017) ("The [plaintiff] seeks insurance coverage in order to avoid having to satisfy a potential judgment in the underlying case. And the absent parties would undoubtedly prefer to have insurance proceeds readily available should the [the plaintiff] be found liable."), *appeal dismissed sub nom. St. Paul Mercury Ins. Co. v. Order of St. Benedict, Inc.*, No. 17-1733, 2017 WL 4804420 (8th Cir. Aug. 3, 2017); *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 1:11-CV-0200-RLY-TAB, 2011 WL 6046272, at *5 (S.D. Ind. Oct. 13, 2011) ("[A]ny finding that the insurers owe a duty to indemnify [the p]laintiffs is mutually beneficial to the [the p]laintiffs and [the defendant] and does not amount to a controversy. [The p]laintiffs would be relieved of having to pay any judgment out of its own pocket, and [the defendant] is assured that he will be able to collect any judgment or claims that are owed to him."), *report and recommendation adopted*, No. 1:11-CV-0200-RYL-TAB, 2011 WL 6043008 (S.D. Ind. Dec. 5, 2011).[6]

Although factually distinguishable in some respects, United States District Judge David G. Larimer's decision in *McAlpin v. RLI Ins. Co.*, 320 F. Supp. 2d 42 (W.D.N.Y. 2004) is instructive. There, the two injured parties filed a personal injury suit against the

---

[6] The Court notes that the procedural posture of this case is unusual. In many cases, a declaratory judgment action is filed to disclaim or to enforce an obligation to indemnify only *after* the insured party has been found liable to the injured party. Here, it does not appear from the parties' submissions that liability has been entered against Jesse. Jesse, Gary, and Amy have not even appeared in this lawsuit. In fact, ASIC's motion to dismiss argues that Plaintiffs cannot bring this declaratory judgment action against it, as the insurer, without first obtaining a judgment against the purported tortfeasors. (Dkt. 7-2 at 6-11). Nonetheless, the Court does not find that distinction as requiring a different result with respect to the question of this Court's jurisdiction.

insured party in state court, but before judgment was entered in that matter the insured party filed a federal declaratory judgment action against the injured parties and the insurance company. *Id.* Similar to the case at hand, the insured parties held insurance with two different insurance companies and only one challenged coverage. *See id.*; *see also* Dkt. 1 at 11. In realigning the injured parties with the insured party under the "collision of interests" test, Judge Larimer determined:

> The only conceivable way that [the injured defendants] could have a stake in the case at bar would be if they recover damages in their personal injury action against [the plaintiff] in excess of his coverage under his policy with Progressive, and [the] plaintiff is unable to pay the excess. In that event, though, [the injured defendants] *would have the same interests as plaintiff: requiring [the defendant insurer] to indemnify [the] plaintiff.*

*McAlpin*, 320 F. Supp. 2d at 43 (emphasis added).

While the roles of the insured parties and the injured parties in *McAlpin* are reversed in the instant matter, the result remains the same. Here, the appropriate "collision of interests" in this declaratory judgment action is between Jesse and Gary and ASIC—which has disclaimed any responsibility to cover for potential liabilities arising from this car accident—not Plaintiffs. *Id.*; *see N.Y. State Ins. Fund*, 2004 WL 385033, at *2 (holding that the insured parties' interests are properly aligned with the plaintiff in a declaratory judgment action seeking a declaration that the defendant insurer is "obligated to indemnify [the insured parties]").[7] In this case, ASIC is "really the adversary of the insured and the insured's victim." *Hulliung Gymnastics, Inc.*, 2014 WL 3400549, at *2.

---

[7]  The Court notes that while Jesse, Gary, and Plaintiffs maintain adverse interests in the outcome of the underlying personal injury matter, the relevant inquiry is whether there is a "collision of interests" *in the instant declaratory judgment action*. *See Garcia v.*

Therefore, the Court realigns Jesse and Gary as party plaintiffs because their interests in the outcome of this declaratory judgment action are aligned with Plaintiffs and are adverse to ASIC.

B.  **Complete Diversity Exists and the Rule of Unanimity is Satisfied**

The rule of unanimity may be excused if the defendants were fraudulently joined, *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007), or "where the parties were misaligned, and the defendants who did not join in the removal were more properly aligned with the interests of the plaintiffs than with those of the defense." *Gurney's Inn Resort & Spa Ltd.*, 743 F. Supp. 2d at 120. Since Amy was fraudulently joined to this action, the Court will ignore her citizenship for purposes of determining whether complete diversity exists, *see, e.g., Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F. Supp. 1046, 1047 & n.2 (S.D.N.Y. 1981), and will excuse ASIC's failure to secure her expressed consent to removal. *Sherman*, 528 F. Supp. 2d at 330. Similarly, because Gary and Jesse were misaligned as party defendants in Plaintiffs'

---

*Century Sur. Co.*, No. 14-CV-3196-RM-MJW, 2015 WL 1598069, at *2 (D. Colo. Apr. 7, 2015) ("But no one denies that [the plaintiff and the insured defendants] have adverse interests *as to the underlying negligence action*. The question is whether they have adverse interests as to this coverage action—and they do not."); *Hulliung Gymnastics, Inc. v. Phila. Indem. Ins. Co.*, No. 13-CV-1279-JPG-DGW, 2014 WL 3400549, at *2 (S.D. Ill. July 9, 2014) ("While [the plaintiff] and [the insured defendant] may have adverse interests in the underlying case, their interests in the instant declaratory judgment action are aligned."); *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 1:11-CV-0200-RLY-TAB, 2011 WL 6046272, at *5 (S.D. Ind. Oct. 13, 2011) (rejecting the argument that a separate dispute in a different court between the parties created an actual and substantial conflict, and finding that "[t]he facts and allegations *that form the basis of the dispute in this case* do not give rise to any actual and substantial controversy between [the p]laintiffs and [the defendant]." (emphasis added)), *report and recommendation adopted*, No. 1:11-CV-0200-RYL-TAB, 2011 WL 6043008 (S.D. Ind. Dec. 5, 2011).

complaint, the rule of unanimity is also excused as to the absence of their expressed consent to removal because their interests are realigned with Plaintiffs' interests in this matter. *Gurney's Inn Resort & Spa Ltd.*, 743 F. Supp. 2d at 120.

Accordingly, because ASIC is a citizen of the States of Indiana and Massachusetts, Alexander, Kim, Gary, and Jesse are all citizens of the State of New York, and Travelers is a citizen of the State of Connecticut, the Court determines that complete diversity exists in this action. *See Hallingby*, 574 F.3d at 56. Therefore, since the strictures of the rule of unanimity have been excused in this case, and diversity jurisdiction exists over this action, removal to federal court is appropriate. *See Gurney's Inn Resort & Spa Ltd.*, 743 F. Supp. 2d at 126-27; *McAlpin*, 320 F. Supp. 2d at 44; *N.Y. State Ins. Fund*, 2004 WL 385033, at *3.

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion to remand (Dkt. 5) is denied, and Amy is dismissed from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate Jesse and Gary as defendants and to add them as plaintiffs in this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   December 19, 2017
         Rochester, New York